UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 4:24-cr-00343 |
| SAMUEL DAVIS, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT SAMUEL DAVIS' POST HEARING BRIEF AND MEMORANDUM IN SUPPORT OF MOTION TO SEVER THE DEFENDANTS ON THE INDICTMENT**

**COMES NOW** Defendant, Samuel Davis ("Defendant Davis"), by and through Counsel, Neil J. Bruntrager of Bruntrager & Billings, P.C., and hereby submits his post-hearing brief and memorandum in support of his Motion to Sever the Defendants on the Indictment. Defendant Davis requests this Court sever his trial from that of Co-Defendant Michael Hill ("Co-Defendant Hill") based upon the need for Co-Defendant Hill's exculpatory testimony.

A court may sever the trial of co-defendants whenever it appears that a defendant would be prejudiced by his joint trial with a co-defendant. *See* Fed.R.Crim.P.14. Where defendant argues for severance on ground that is will permit exculpatory testimony of Co-Defendant he must show: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the Co-Defendant would indeed have testified at a separate trial." *United States v. Harris,* 908 F.2d 728, 739 (11th Cir. 1990). Defendant Davis would be prejudiced without severance because Co-Defendant Hill would present exculpatory evidence specifically relating to the Defendant Davis' defense to the kidnapping component of Count I and Count II of the indictment against Defendant Davis as outlined below.

1

With respect to the kidnapping charges against Defendant Davis, he has the defense that he was acting under the supervision and direction of his supervisor, Co-Defendant Hill. Co-Defendant Hill's testimony would show that he was the only person who spoke with the victim directly regarding where the victim requested to be taken and then relayed that information and order to Defendant Davis. The government argues that the defense of following an order by a supervisor would not be allowed under "the Nuremberg" defense. However, such defense of "following orders" is not a valid defense *only when the defendant knows his conduct is criminal*. [emphasis added] *United States v. Cortes-Caban,* 691 F.3d 1, 12 n.13 *1st Cir. 212). That is not the case as there is no law or ordinance that prevents a police officer to transport an individual across city limits and, therefore, no reason Defendant Davis would question or believe that Co-Defendant Hill's order was criminal and/or illegal. "To justify severance, the defendant must 'demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense.'" *United States v. Schlei,* 122 F.3d 944, 984 (11th Cir. 1997). Accordingly, Defendant Davis' defense of following the legal order of his supervisor to take the victim to Kinloch is critical and absolute to him defending the kidnapping charges in Counts I and II of the Indictment against him. Therefore, there is a bona fide need to have Co-Defendant Hill's exculpatory testimony to invoke the defense of acting under the direction of his supervisor to show Defendant Davis had no intention of kidnapping the victim but was merely following his supervisor's legal direction and order to take the victim to where the victim wanted to go.

If the defendants were left joined, as they currently are, Defendant Davis would be unable to call him as a witness it is likely and Co-Defendant Hill would most likely not testify. Therefore, by not severing defendants, it is guaranteed that such exculpatory evidence could not be presented to the jury, thus prejudicing Defendant Davis' defense.

WHEREFORE, Defendant Davis respectfully requests the Court sever the Indictment herein, or, in the alternative, order the Government to issue a bill of particulars, and for such other and further orders as this Court deems just and proper.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
168 N. Meramec Ave., Suite 400
Clayton, Missouri 63105
(314) 646-0066
(314) 646-0065 – facsimile
njbatty@aol.com

*Attorney for Defendant Samuel Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October 2025, the foregoing **Defendant Samuel Davis' Post-Hearing Brief and Memorandum in Support of Motion to Sever the Defendants on the Indictment** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager